## SARAH W. HALE *vs.* DANIEL SILLOWAY.

If the magistrate's certificate upon a deposition shows that the deponent was sworn to testify, &c., in relation to an action pending between A. B. and C. D., the judge may allow it to be read in evidence on the trial of an action bearing that title, although it appears that another action with the same title is pending in the same court.

WRIT OF ENTRY. The decision upon exceptions taken in the first trial of this case is reported in 1 Allen, 21. At the second trial in the superior court, *Ames*, J. allowed the demandant to read in evidence a deposition, the magistrate's certificate upon which, after being amended by him under leave of court, (see 1 Allen, 475,) stated that the deponent was sworn " to speak the truth, the whole truth, and nothing but the truth in relation to an action pending between Sarah W. Hale and Daniel Silloway." It appeared by the docket and records of the court that another action with the same title was pending in the same court. After a verdict for the demandant, the tenant alleged exceptions.

*S. B. Ives, Jr.* for the tenant.

*E. F. Stone*, for the demandant.

BIGELOW, C. J.  The objection to the deposition is not well founded.  The certificate of the magistrate as amended by him contains every statement required by statute to render the evidence admissible.  It sufficiently and correctly describes the case concerning which the testimony of the witnesses was taken, and in which it was offered, and sets forth that they were duly sworn to testify the whole truth in relation thereto.  In this respect the case is different from *Simpson* v. *Carleton*, 1 Allen, 117.

The fact that there was another case pending in the same court bearing the same title did not rebut the *prima facie* case created by the magistrate's certificate, showing that the deposition was properly taken.  If any extrinsic evidence is admissible to contradict or control the certificate and to prove that in some particular the magistrate omitted to observe the requirements of the statute in taking the depositions, a proposition which is open to question, it is certainly incumbent on the party objecting to the evidence to prove affirmatively the irregularity or defect on which he relies.  This the tenant did not do at the trial, merely by showing that there was another case answering to the same description as the cause named in the magistrate's certificate.  Evidence of this fact alone did not disprove that the deposition was duly taken to be used in the case in which it was offered.

Besides ; if it appears that there are two actions pending in the same court, bearing the same title, the question whether a deposition, the magistrate's certificate upon which states simply that the deponent was sworn to testify in relation to an action bearing the title which is common to them both, was taken to be used in the case which is on trial, is properly within the province of the presiding judge to determine ; and his decision on that point is final.  The determination of the question of the admissibility of the deposition involves the determination of a preliminary question of fact ; which, as in other similar cases where the question is as to the competency of evidence, is for the court.  *Exceptions overruled.*